### MEISSNER v. WESTINGHOUSE MACH. CO.

(District Court, W. D. Pennsylvania. October 9, 1913.)

#### No. 60.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—FURNACE GRATE.

The Meissner patent, No. 529,286, for a furnace grate, is of very narrow scope in view of the prior art, and limited to the specific arrangement or combination whereby the two swinging grates used to remove clinkers at the foot of the sloping fire bed are actuated simultaneously. As so construed *held* not infringed.

In Equity. Suit by William F. Meissner, administrator of the estate of Julius H. Meissner, deceased, against the Westinghouse Machine Company. On final hearing. Decree for defendant.

Fred. W. Winter, of Pittsburgh, Pa., for complainant.

Synnestvedt & Bradley, of Philadelphia, Pa., for defendant.

ORR, District Judge. This patent suit is before the court for final hearing upon bill, answer, replication, and proofs. Plaintiff, as owner of United States patent No. 529,286, issued to Julius H. Meissner on November 13, 1894, for a furnace-grate, complains that defendant has

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

infringed his rights under the patent. The defenses are numerous, including allegations that the patent is invalid, that, if valid at all, it is of extremely narrow scope, and that there has been no infringement by defendant. Because of the expiration of the patent after suit brought, there can be no injunction granted in any event. Plaintiff seeks damages only.

The specification of the patent states:

"The object of my invention, broadly stated, is to produce a furnace in which the fire may be cleaned or stoked, without danger of extinguishing it. A further object of my invention is to make a furnace that can be ordinarily fired by hand, or can be stoked mechanically, if desired, and which can use successfully any kind of coal as fuel. My invention consists in such features, details and combinations of parts as will first be described in connection with the accompanying drawings and then particularly pointed out in the claims."

The patent may be classed with those (of which there are many) which provide a sloping fire-bed upon which burning fuel furnishes heat to boilers. The slope cannot be too steep to hold the fuel in place while burning, and yet must be steep enough to assist clinkers to move to the bottom as fresh fuel is applied at the top of the slope. The grate of the patent consists of a series of flat plates or bars arranged in steps. At the bottom of the slope there is provided a means of holding back the sloping fuel and of permitting the removal of clinkers which have reached the bottom. While there are several claims in the patent, there is but one in dispute, which is as follows:

"5. In a furnace, the combination, with a sloping fire-bed, of an upward-swinging grate and a downward-swinging grate, the upward-swinging grate being pivoted at the foot of the fire-bed and normally projecting toward the downward-swinging grate, the latter grate being pivoted at its rear end, and means for operating both grates, substantially as set forth."

The elements of this claim are: (1) A sloping fire-bed; (2) an upward-swinging grate pivoted at the foot of the fire-bed and normally projecting toward the downward-swinging grate; (3) a downward-swinging grate pivoted at its rear end; and (4) means for operating both grates substantially as set forth. There is nothing new in any of these elements. A sloping fire-bed and a downward-swinging grate pivoted at its rear end and means of operating it are all found in United States patent to Swindell, No. 181,221, dated August 15, 1876. An upward-swinging, or hold-back, grate and means of operating it are disclosed by United States patent to Savage, No. 66,743, dated July 16, 1867. Other patents might be referred to disclosing the different elements of the claims. If anything saves the patent, it is the "means for operating both grates substantially as set forth" in the specifications. Without regard to the use of the word "both," as indicating "collectively" or "together," the conclusion must be reached from a careful study of the specification, in view of the prior art, that the disclosure of the patent is a means for simultaneously actuating the grates. After describing the connection between the two grates O and R and another grate I, the patentee states:

"By which arrangement the grates I, O and R, may be operated simultaneously, or the grate, I, may be operated independent of the other two."

Clearly, if *I* be operated independent of the other two, then *O* and *R* are operated together in a mutually dependent relation.

Again the patentee states:

"The clinker grates, *O* and *R*, are simultaneously actuated from the front, by means of the links and levers previously described, the grate, *R*, swinging downward to permit the ashes and clinkers to fall into the ash-pit while the grate, *O*, swings upward, thereby retaining the incandescent fuel on the fire-bed *I*."

• That the patentee did not rely upon the broad combination of the sloping fire-bed and the two swinging grates only without regard to the means of operating both grates is seen in the file wrapper of the patent in suit, where it appears that he consented to the rejection of the following claim:

"15. In a furnace, the combination with a sloping fire-bed, of an upward-swinging grate, and a downward-swinging grate at the foot of the sloping grate, substantially as set forth."

The patent therefore, so far as the claim in issue is concerned, must be deemed of a very narrow compass and limited to the specific arrangement and combination whereby the two grates *O* and *R* are to be operated as shown in the specification. To that extent only is the claim valid.

The defense that the defendant has not infringed the plaintiff's device must be sustained. The defendant uses an upward-swinging grate and a downward-swinging grate. The downward-swinging grate is not pivoted at its rear end, but some inches from its rear end, so as to allow the part which projects from the point of pivoting to the rear end to move upward and scrape the rear wall of the furnace. The swinging grates of the defendant are not operated together, but are operated separately. There is no means used by the defendant for the operation of the grates simultaneously. It is clear, from a consideration of the testimony and a careful examination of the exhibits, that the device of the defendant is superior in operation to the device of the patent in suit. The removal of clinkers through an opening between grates which have a fixed connection with and relation to each other cannot be as successfully accomplished as by the use of two grates which are independent of each other in their movement. The operation to remove clinkers which fail to fall as the opening is caused is by a movement of the grates which may be termed "wigwagging," and this may be done more effectively by a separate movement of the grates than by a connected movement.

It was strongly urged by defendant that plaintiff was not entitled to recover because notice had not been given as required by the statute. From the evidence, the court is satisfied that the statute was complied with in this respect. This, however, does not affect the decision of this case. The defendant, not being guilty of infringement, is entitled to a dismissal of the bill, with costs.

Let a decree be drawn.